JAMES MILTON OSBORN V. STATE

No. 25634. January 16, 1952.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) February 27, 1952.

Hon. Walter S. Pope, Jr., Judge Presiding.

*W. E. Martin,* Abilene, for appellant.

*Reed Ingalsbe,* Assistant County Attorney, Abilene, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $200.00 and 30 days in jail for driving on a public highway while intoxicated.

The evidence sufficiently presents a case for the jury's consideration and supports their verdict. The appeal is based on several bills of exception. The first one is merely an argument on the force of the evidence and is not considered as a bill.

Bill of Exception No. 2 complains of questions concerning a ring which appellant wore at the time of his arrest. The answer would have been that he was wearing a Masonic ring and

that he was not a Mason. The court sustained appellant's objection to this evidence when made and instructed the jury, in accordance with the request, not to consider the same. No reversible error is shown by this bill.

Bill of Exception No. 3 complains of a question asked the appellant, while testifying in his own behalf, as to whether or not he had been previously arrested for driving while intoxicated. Objection was made to the question and sustained by the court. The answer was never given. The court then gave written instruction to the jury not to consider the same.

Bill of Exception No. 4 complains of the closing argument of the assistant county attorney in making a statement as to how they investigated a case and brought a charge, in the conduct of prosecutions generally. Objection was made to this argument and the jury was instructed not to consider the same. The court further qualifies the bill by showing that the defense attorney had obtained evidence from police officers and from the defendant that the defendant had been arrested by the police department on previous occasions for drunkenness, and then said that his client was a man who did drink, that the police knew it and it was natural to find what they were looking for and they would be expecting him to be intoxicated whether he was or not. The discussion of the attorney as to their procedure was not altogether foreign to this matter, though we cannot say the argument was proper in the state of the record. We believe that the harm done by such argument, if any, was removed by the charge given.

Bill of Exception No. 5 complains of the argument of the assistant county attorney in discussing the evidence of appellant to the effect that he had been abused by an officer. The court sustained objection to this argument, instructed the jury not to consider it, and later gave such insruction in writing. The bill fails to show that it was not made in reply to argument by defense counsel and is, therefore, defective.

Bill No. 6 complains of argument of the assistant county attorney which, in the face of the bill, is shown to have been in reply to argument made by defense counsel. He stated, among other things, that there was a case in the law books holding that the evidence complained of "had probative force." The court sustained all objections to this argument and instructed the jury verbally not to consider the same for any purpose. The court's

general charge to the jury treated in the usual way the manner in which the law is to be presented to the jury and told them, in effect, that they should pay no attention to what anybody else said about the law. We find no harm to have occurred to appellant, as shown by this bill.

Bill of Exception No. 7 includes the appellant's motion for a new trial which sets out practically the same things treated in the foregoing bills of exception. It presents nothing additional for our consideration.

We find no reversible error and the judgment of the trial court is affirmed.